OPINION
Defendant-appellant, Dale Secrest, appeals from the judgment of the Auglaize County Court of Common Pleas determining that he is a sexual predator pursuant to R.C. 2950.01 and 2950.09.
On April 21, 1993, the trial court accepted a negotiated plea of guilty to an amended indictment which charged defendant with attempted rape. He was sentenced to a prison term of an indefinite term of not less than seven years, nor more than fifteen years actual incarceration.
Pursuant to R.C. 2950.09(C), the trial court held a sexual predator hearing while defendant remained incarcerated. The trial court adjudicated defendant to be a sexual predator. Defendant now appeals that determination and raises six assignments of error. For his first assignment of error, defendant asserts:
 The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding defendant-appellant to be a sexual predator.
 Because the Ohio Supreme Court has held that the provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause, we find that defendant's assignment of error lacks merit and is overruled. State v. Cook (1998), 83 Ohio St.3d 404, 423.
For his second assignment of error, defendant asserts:
 The trial court erred, in violation of the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, in finding defendant-appellant to be a sexual predator.
 In his assignment of error, defendant argues that R.C. 2950.09
violates the state and federal constitutional prohibitions against cruel and unusual punishment. However, we have rejected this argument in State v. James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported, 1999 WL 1114497. See, also, State v. Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported, 2000 WL 116104. Accordingly, defendant's second assignment of error is overruled.
For his third assignment of error, defendant asserts:
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding defendant-appellant to be a sexual predator.
 Defendant argues that the registration and notification provisions of R.C. Chapter 2950 subject him to double jeopardy or two punishments for the same offense. We have also rejected this argument in State v. James, supra. See, also, State v. Burlile (Mar. 10, 2000), Seneca App. No. 13-99-53, unreported, 2000 WL 268942; State v. Norman, supra. Accordingly, defendant's third assignment of error lacks merit and is overruled.
For his fourth assignment of error, defendant asserts:
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
 Defendant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute provides no guidance as to how the factors specified in R.C. 2950.09(B)(2) are to be weighed and considered by the trial court. However, we have repeatedly held that the sexual predator statute is not unconstitutionally vague. See State v. Avery (1998), 126 Ohio App.3d 36; State v. Norman, supra; State v. James, supra. Therefore, we find no merit to defendant's fourth assignment of error.
For his fifth assignment of error, defendant asserts:
 The trial court erred, in violation of Section 1, Article I of the Ohio Constitution, in finding defendant-appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
 Defendant asks this court to follow the case of State v. Williams
(Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 WL 76633, discretionary appeal granted (1999), 86 Ohio St.3d 1406, to find that the provisions of R.C. Chapter 2950 constitute an invalid exercise of the State's police power. This court, however, in previous decisions has repeatedly held that the statute does not violate Article I, Section 1 of the Ohio Constitution. See State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, 1999 WL 692410; State v. Joyce
(Sept. 2, 1999), Allen App. No. 1-99-31, unreported, 1999 WL 693160; State v. Bradley (Oct. 13, 1999), Logan App. No. 8-99-07, unreported, 1999 WL 824616. Consequently, the defendant's fifth assignment of error lacks merit and is overruled.
For his last assignment of error, defendant asserts:
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that the appellant is likely to engage in the future in one or more sexually oriented offenses thus rendering the court's decision against the manifest weight of the evidence.
 Defendant argues that the evidence presented at the sexual predator hearing was insufficient to prove by clear and convincing evidence that he is likely to engage in the future in a sexually oriented offense.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to determine whether defendant should be adjudicated a sexual predator, R.C.2950.09(C)(2) provides that the trial court "shall consider all relevant factors, including, but not limited to, all of the factors specified in [R.C. 2950.09(B)(2)]." The statutory criteria in R.C. 2950.09(B)(2)(a) through (j) include: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. Finally, pursuant to R.C. 2950.09(C)(2), the trial court's determination that a defendant is a sexual predator must be supported by clear and convincing evidence.
Defendant's conviction for attempted rape qualifies as a sexually oriented offense. R.C. 2950.01(D)(7). As for the likelihood that defendant would engage in sexually oriented offenses in the future, the trial court had in its possession the presentence investigation report as well as the victim impact statements. In addition, defendant testified on his own behalf at the sexual predator hearing. Defendant admitted he had engaged in sex with a twelve-year-old girl and that he was intoxicated at the time. According to defendant, because he had felt that sex should have been given to him by another female, he then used the twelve-year-old victim to have sex with him. However, defendant stated that he is currently in a program for sex offenders which also would address an alcohol problem. Defendant's lengthy criminal record does not include a prior sexual offense.
Although defendant's recent participation in the program for sex offenders weighs in his favor, the trial court, in reviewing the presentence investigation report, noted that defendant's childhood included his being sexually molested by two males. Further, the trial court noted that the defendant's expressed attitude at the time of the offense, his alcohol use, and the age of his victim all weigh in favor of a sexual predator finding. On these facts and circumstances, we find that the determination that defendant is a sexual predator is not against the weight of the evidence. Defendant's sixth assignment of error is overruled.
Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J.
 BRYANT and WALTERS, JJ., concur.